# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jason F. Uhl,**
**Respondent Below, Petitioner**

**vs)  No. 14-0259** (Kanawha County 13-AA-116)

**Patricia S. Reed, Commissioner of the**
**West Virginia Division of Motor Vehicles,**
**Petitioner Below, Respondent**

**FILED**

January 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason F. Uhl, by counsel Troy Giatras and Matthew Stonestreet, appeals the order of the Circuit Court of Kanawha County entered on February 6, 2014, which reversed the order of the Office of Administrative Hearings. The Office of Administrative Hearings re-instated petitioner's driver's license because the Division of Motor Vehicles failed to meet the requisite burden of proof.  Respondent, West Virginia Division of Motor Vehicles, by counsel, Janet James, filed a response and petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 15, 2010, at 11:10 p.m., Trooper First Class R.A. Phillips of the West Virginia Police Winfield Detachment "Trooper Phillips" was on patrol on Interstate 64 in Charleston, West Virginia, when he observed a white Jeep Cherokee traveling seventy miles per hour in a fifty mile per hour zone.  Trooper Phillips initiated a traffic stop on the vehicle, and made contact with the driver of the vehicle, Robert Lee Morris, petitioner, Jason Uhl (who was the front seat passenger), and Randy Spurlock (the rear passenger). Trooper Phillips spoke to Mr. Morris and petitioner, noted an odor of an alcoholic beverage emanating from the interior of the vehicle, and observed beer cans inside the vehicle.  Mr. Morris was ultimately placed under arrest for driving under the influence of alcohol. Petitioner was arrested for knowingly permitting Mr. Morris to drive the vehicle while Mr. Morris was under the influence of alcohol in violation of West Virginia Code § 17C-5-2(g). The offense of knowingly permitting is defined as,

> Any person who:
> (1) Knowingly permits his or her vehicle to be driven in this state by any other person who:
> (A) Is under the influence of alcohol;

1

(B) Is under the influence of any controlled substance;
(C) Is under the influence of any other drug;
(D) Is under the combined influence of alcohol and any controlled substance or any other drug;
(E) Has an alcohol concentration in his or her blood of eight hundredths of one percent or more, by weight;

(2) Is guilty of a misdemeanor and, upon conviction thereof, shall be confined in jail for not more than six months and shall be fined not less than one hundred dollars nor more than five hundred dollars.

On November 16, 2010, respondent, the West Virginia Division of Motor Vehicles, issued an Order of Revocation to petitioner advising him that his privilege to drive in West Virginia was revoked for "knowingly permitting [his] vehicle to be driven in this state by another person who was under the influence of alcohol, controlled substances or drugs." Petitioner timely requested a hearing. An administrative hearing was held October 25, 2012.

At the administrative hearing Trooper Phillips testified that upon speaking with the driver, Mr. Morris, he detected an odor of alcoholic beverage coming from Mr. Morris's person, and that Mr. Morris had slurred speech and bloodshot eyes. Mr. Morris stated he had consumed six beers that evening. Trooper Phillips testified further that he administered three field sobriety tests to Mr. Morris. Based upon Mr. Morris's poor performance on the tests, Trooper Phillips administered a preliminary breath test to Mr. Morris, which he failed. Mr. Morris then gave Trooper Phillips permission to search the vehicle, and inside, Trooper Phillips found eight beers, four of which were partially full. Two of the open beers were in the front seat console where petitioner and Mr. Morris were seated. All of the beers were cold to the touch when Trooper Phillips discovered them.

Petitioner testified that he traveled to the dog track with Mr. Morris and Mr. Spurlock but the trio separated once inside. The trio met again at the end of the evening, Mr. Morris offered to drive petitioner's vehicle. Petitioner admitted that he was drinking that evening and that he could not recall seeing a drink in Mr. Morris' hand while at the casino. Petitioner testified that he had no idea how much alcohol Mr. Morris consumed prior to giving him the keys to his vehicle.

On August 13, 2013, the Office of Administrative Hearings (OAH) entered an order rescinding the respondent's Order of Revocation for "knowingly permitting" because respondent failed to show that petitioner knew that Mr. Morris was intoxicated. Respondent appealed that order to the Circuit Court of Kanawha County. The parties submitted briefs to the circuit court, and by order entered February 6, 2014, the circuit court reversed the order of the hearing examiner, concluding as follows:

The OAH committed clear error in reversing the revocation of [r]espondent's license for knowingly permitting Mr. Morris to drive his car while Mr. Morris was under the influence of alcohol. Respondent was at the casino with Mr. Morris and another friend, all three of whom were drinking at the casino, and all three of whom were in respondent's car after leaving the casino. There was

beer found in the car, including two open cans in the front console of the vehicle, where Mr. Morris and [r]espondent were located. There was no designated driver, indicating that all of the men were drinking that night. Yet the OAH ignored these circumstances, and relied solely on the [r]espondent's self-serving denial that he knew Mr. Morris was drunk.

Petitioner appeals the order of the Circuit Court of Kanawha County to this Court.

The standard a circuit court is to apply when reviewing an administrative agency order was set forth in syllabus point two of *Shepherdstown Volunteer Fire Dept. v. State ex rel. State of West Virginia Human Rights Com'n*, 172 W.Va. 627, 309 S.E.2d 342 (1983), as follows:

Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

In the pending case, the circuit court reversed the order of the OAH on the ground that the revocation was clearly wrong in view of the evidence. Our review of a circuit court's decision involving an administrative agency order proceeds under the standard announced in *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

"On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell  v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

Syl. Pt. 1, *Dale v. Odum*, 233 W.Va. 601, 760 S.E.2d 415 (2014). This deference extends to evidentiary findings made by the OAH. This Court has made clear that "'evidentiary findings made at an administrative hearing should not be reversed unless they are clearly wrong.' Syl. Pt. 1, *Francis O. Day Co., Inc. v. Director, Div. of Envtl. Prot.*, 191 W.Va. 134, 443 S.E.2d 602 (1994)." Syl. Pt. 2, *Odum*, 233 W.Va. at __, 760 S.E.2d at 416.

Petitioner's sole assignment of error alleges that the circuit court erred by altering the meaning of West Virginia Code § 17C-5A-2(j), and effectively abolished the knowledge element required for an individual to be guilty of knowingly permitting. Petitioner argues that the OAH properly applied West Virginia Code § 17C-5A-2(j) in determining that respondent did not meet

3

its evidentiary burden, and that the circuit court improperly applied a "should have known" standard to the matter at hand.

The circuit court held that the OAH erred in concluding that petitioner was unaware that Mr. Morris was under the influence of alcohol. Finding that the OAH misinterpreted and misapplied West Virginia Code § 17C-5A-2(j), the circuit court held that, pursuant to that Code section, the OAH erroneously found that petitioner "believed the driver was sober." The circuit court's review of the testimony however, revealed that petitioner never stated that he believed that Mr. Morris was sober. Rather, the respondent testified that "[Mr. Morris] looked fine to me", "[Mr. Morris] said he didn't care to drive"; "he appeared okay to drive"; and he did not appear intoxicated to [petitioner]. The circuit court further noted that, on cross-examination, petitioner seemingly suffered "memory loss" after realizing he may incriminate Mr. Morris if he testified to his intoxication.

We agree with the circuit court. West Virginia Code § 17C-5A-2(j) provides, in part,

"If the Office of Administrative Hearings finds by a preponderance of the evidence that . . . the person knowingly permitted the persons vehicle to be driven by another person who was under the influence of alcohol, controlled substances or drugs, or knowingly permitted the person's vehicle to be driven by another person who had an alcohol concentration in his or her blood of eight hundredths of one percent or more, by weight the commissioner shall revoke the person's license . . ."

The OAH was clearly wrong to rely upon petitioner's denials in spite of overwhelming circumstantial evidence that petitioner knowingly permitted Mr. Morris to drive his vehicle while under the influence of alcohol. Petitioner testified at the administrative hearing that he had gone to the casino that night with friends "to have fun" and that the casino was giving away drinks that evening, but that he did not recall seeing Mr. Morris consume any drinks, and could not recall seeing a drink in Mr. Morris' hand while at the casino. Although Mr. Morris admitted to having consumed six or seven beers, petitioner could not recall smelling the odor of an alcoholic beverage on Mr. Morris prior to driving away from the casino. Upon cross-examination, petitioner was unable to answer regarding Mr. Morris sobriety, stating, "it's been two years and it's kind of vague."

It is undisputed that petitioner was at the casino with Mr. Morris and another friend, all three of whom were drinking, and all three of whom were in petitioner's car after leaving the casino. Open beer cans were found in the front console of the vehicle where petitioner and Mr. Morris were sitting, and the cans were cool to the touch. The parties had not identified a designated driver. It is also undisputed that Mr. Morris drove petitioner's car with petitioner's permission and that Mr. Morris was under the influence of alcohol. This is not a situation where the permission to drive was remote in time or place. Petitioner, his car, and Mr. Morris were all in the same place for the entire evening. The evidence to support this finding is not negated by the self-serving testimony of petitioner. There is substantial circumstantial evidence in the record that petitioner was aware that Mr. Morris was consuming alcohol, and could be impaired.

4

Therefore, the circuit court did not err in finding that the OAH's order was clearly wrong in view of the reliable, probative and substantial circumstantial evidence on the record.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 9, 2015

**CONCURRED IN BY:**

Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTED BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis